O’Neall, J.,
dissenting. In this case, which has undergone three arguments, two before the Court of Law, and one in this Court, where it’ was heard in consequence of a division in the Law Court, it may not be amiss that the opinion of those who differ from the conclusion of the majority should be heard, not by any means to weaken the force of the authority, but that those whose business it is to alter the statute law, may know something, however slight, on both sides of the question.
The question, whether an infant is entitled to five, or ten years, after attaining to maturity, to assert his or her title to land, is one of great practical importance.
The Act of 1712, as its title and preamble import, was passed to settle “ the titles of the inhabitants of this State to their possessions in their estates within the same,” and “ for quieting the estates thereof.” (2 sec. Act 1712, P. L. 101). For this purpose, the Act limited the time within which an action for the recovery of land against one in possession should be brought, to five years — with two exceptions : 1st, “ Person or persons beyond the seas, or out of the limits of this (Province) State, feme covert, or imprisoned,” who were allowed seven years ; and 2d, Any person or persons that are under the age of twenty-one *623 years, who shall be allowed, if within the State, two years; and if out of it, three years, after they come of age. The. Act thus passed, although often suspended, remained unaltered until 1788, when the Legislature, in the 2d section of the Act (P. L. 455) to suspend the statute of limitations in personal actions, altered the provision of the 2d section of the Act of 1712, by allowing to infants five years, after attaining full age, to prosecute their right or title to lands, and four years in personal actions. It is worthy of being remarked here, that the Legislature make no special mention of the 2d section of the Act of 1712, or of the exceptions therein, but enact generally, that persons under twenty-one years shall be allowed five years, after attaining the said age, to prosecute their right or title to lands. From the organization of the Constitutional Court, to December, 1816, no question received more various decisions, or originated more heated controversies at the bar, or on the bench, than did that which arose under this Act, as to its effect upon the title from a possession of five years. Many of the early cases, as will be seen upon referring to Judge Smith’s very able opinion, in Read vs. Eifert (1 N. & McC, 374, note,) held, as we have held invariably since that case, that adverse possession of a part for the statutory period, under color of title, was possession of the whole; but in 1805 this was changed, and the rule was laid down that the party in possession was entitled to his pedis pos-sessio, and a reasonable portion of woodland, as fence and fire botes. The utter uncertainty and impracticability of this doctrine, soon drove two of its advocates in the Court (Grimke and Wilds) to abandon it; and they confined the party in possession, to his fences. From these decisions, I draw the inference that the Court, struck with the rank injustice in many cases of defeating a title, in consequence of some small piece of ground actually cultivated for five years, was groping about as it were in the dark, seeking for something in construction to control the operation of the Act. • But like every wrong act, it carried with it its own condemnation, until every body, lawyers, people and Judges, rejoiced in finding themselves once more rectus in curia, *624 by the judgment in Read vs. Eifert. Still a great difficulty was before the Court; in Faysoux vs. Prather, (1 N. & McC. 296,) the doctrine previously laid down in Rose vs. Daniel, that infancy intervening, notwithstanding the statute of limitations had begun to run in the lifetime of the ancestor, would prevent the bar of the statute, was assailed and overruled, so far as a mere majority of the Court could. At that time, the Judge trying the cause gave no opinion; and in Faysoux vs. Prather, had not a special verdict been found, Judge Cheves, whose vote turned the scale, could not have voted. (Q,uery: would such a provision be unwise now ?) The very next case which came up, tried before one of the majority, silenced him, and the majority was on the other side. Under such circumstances, the Court held cases for several years without coming to any judgment. This was a great evil, to be remedied by legislation. So, too, it was found, that the time -limited for the assertion of titles to land was too short. More than one hundred years had changed all the reasons and policy on which the Act of 1712 was based. The forests had fallen, the Indian was removed, and every where South Carolina presented a fully settled territory. In such a state of things, well might the proprietor of land complain, as the great land-owner of the upper country, Samuel Maverick, constantly did, against the legalized system of “ land stealing,” as he termed it. To meet and remedy these evils, the late Hugh Swinton Legare, in 1824, in his bill to alter the law in various particulars, (Acts of ’24, p. 23, 24,) provided in the 5th section, “ that the statute of limitations shall not hereafter be construed to defeat the rights of minors, when the statute has not barred the right in the lifetime of the ancestor, before the accrual of the right of the minorand in the 7th section, “ that the second section of the Act of 1712, limiting the time for the prosecution of a right or title to lands to five years, be altered, so as to extend the time for the prosecution of such right or title, to ten years.” The proposed changes were made by the Legislature, with singular unanimity. The 5th section had the anticipated effect: it relieved the Court, and enabled them to give *625 judgment in conformity to it, in the long pending cases. The 7th section, so far as I know, has met with universal favor. The question now arising under it, in this case, has for the first time in twenty-five years, assumed a shape which demands a direct decision. Generally, I think, it must be conceded to the appellants’s counsel, that by some means, the Bar and the Bench had tacitly yielded to the construction, that an infant was entitled to ten years, after attaining to full age, to assert his title to lands. Dictums to the contrary were thrown out, it is true, by Harper and myself, in Blake vs. Heyward, (Bail. Eq. 208,) and Thomson vs. Gaillard, (3 Rich. 418.) These cases were long unpublished, and, in the mean time, I had changed my opinion, if indeed there be a contrary opinion expressed in Thomson vs. Gaillard; for there the possession, to which the loose remark, “by the Act of 1788, infants are allowed five years, after attaining to full age, to prosecute their right or title to lands,” applied, was as much before ’24, as after. How my brother Harper’s opinion stood, I have no means of knowing.
I, however, attach no other importance to 'this tacit, or conceded construction of the Act, than as an evidence of its justice; and possibly as a good reason for the law makers to provide for what now, by the decision of the Court, clearly appears to have been a casas omissus.
I think, however, that the true construction of the Act of 1824 is, that infants are entitled to ten years, after attaining to full age. By the Act of ’88, in both real and personal actions, “ attaining to full age,” was put on the same footing as the “ accrual of the cause, of action” to adults. The statute began to run, and had the same time from both. This too, as I have before remarked, was a substantive enactment in ’88, without any reference to the exception, in the Act of 1712. So that, if the amendatory Act of 1824 had omitted the words “ second section of the Act of 1712,” and had simply said “ that the time limited for prosecuting a right or title to lands to five years, be altered, so as to extend the time for the prosecution of such right or title to ten years,” no one could or would have questioned that *626 infants were entitled to ten years. Does the insertion of the words “ second section of the Act of 1712, limiting the time,” &c. necessarily force us to adopt a different rule? I think not. What is the legal effect of an amendment ? Does it bring the old law down (o it, and make it part of it 1 or does the amendment relate back to the old law and become part of it ? The latter question presents, I think, the true notion. When the Legislature amend an Act, it is, as if they took it from the file, and struck out the part or parts objected to, and inserted the amendment. Take the second section of the Act of 1712 and amend it actually, as is done in effect by the Act of 1788, and the exception in relation to infants would then read, as amended, “ and excepted any persons, under the age of twenty-one years, who shall be allowed to prosecute their claims, at .any time within five years after they come of age.” Take up now the Act of 1824, and read, “ that the second section of the Act of 1712, limiting the time for the prosecution of a right or title to lands to five years, he altered so as to extend the time for the prosecution of such right or title to ten years and inquire, how far is the second section of the Act of 1712, as it stood amended by the Act of 1788, changed ? Can any thing be more apparent than that it is altered: 1st, as to the time after the accrual of the cause of action, ten years being given to adults; 2d, as to persons beyond seas, or out of the State, femes covert, or imprisoned, covered by the first exception, who are allowed also ten years from the accrual of the cause of action; and 3d, as to infants, who, under the second exception amended by the Act of 1788 were entitled to five years, axe, by the necessary application of the Act of ’24, entitled to ten years. That this is no strained construction, and has great authority for its support, will be seen by referring to Blake vs. Heyward, — there the whole Court agreed that the amendment of 1824 struck out the first exception as to persons out of the State, and gave them ten instead of seven years. If the amendment of ’24 operates upon one exception, it must upon the other as it then stood amended.— Chancellor Harper’s reasoning, upon that point, is, I think, an *627 unanswerable argument on this. He says : “ the words, ‘ limiting the time for the prosecution of. a right or title to lands to five years,’ are only descriptive of the section referred to ; and they describe it loosely. If these words had been omitted; if the enactment had been that the second section of the Act of 1712, for the limitation of actions, be altered, so as to extend the time for prosecuting a right or title to lands to ten years,’ this would have been plain, and would, no doubt, have included persons beyond seas.” Now remember, that the second section of the Act of 1712 gave persons beyond seas, or out of the State, seven years, and then, I ask, is there not just as much difficulty in saying, that the words of the Act of 1824 apply to and extend the time in their favor, as there is in holding the same in relation to infants ? To me it seems to be. so: and if persons beyond seas, or out of the State, áre entitled to ten. years, so, 1 think, infants are .entitled to the same, after attaining to full age-
Withers, J., and Wardlaw, C., concurred.

Motion dismissed.